**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-1955**

———————

DORICOD UFANI EPIE,

Petitioner,

versus

JOHN ASHCROFT, U.S. Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-479-493)

———————

Submitted: April 23, 2004         Decided: May 6, 2004

———————

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Michael P. Lindemann, Assistant Director, Lisa M. Arnold, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Doricod Ufani Epie, a native and citizen of Cameroon, petitions for review from an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the Immigration Judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.

On appeal, Epie raises challenges to the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). We have reviewed the evidence of record and conclude that Epie fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief Epie seeks.

Additionally, we uphold the immigration judge's denial of Epie's applications for withholding of removal and protection under the Convention Against Torture. To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987). To obtain relief under the Convention Against Torture, an applicant

must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2003).  Based on our review of the record, we find that Epie has failed to meet either one of these standards.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED